Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CECILIA AVALOS, individually and d/b/a LA GRAN CHIQUITA,<br><br>Defendant. | Case No.: 4:18-cv-01065-PJH<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>Date:   July 18, 2018<br>Time:   9:00 a.m.<br>Court:  Courtroom 3, Third Floor<br>Judge:  Honorable Phyllis J. Hamilton |

TO THE HONORABLE COURT, THE DEFENDANT AND HER ATTORNEYS OF

RECORD:

Plaintiff G & G Closed Circuit Events, LLC (hereinafter "Plaintiff"), by and through

counsel, hereby files this Reply to Defendant Cecilia Avalos, individually and d/b/a La Gran

Chiquita's (hereinafter "Defendant") Opposition to Plaintiff's Motion to Strike Portions of

Amended Answer (hereinafter "Defendant's Opposition") (Dkt. No. 30). For the reasons set

forth herein, as well as the reasons set forth in Plaintiff's Motion to Strike (Dkt. No. 27), Plaintiff

respectfully requests that its Motion to Strike be granted. In addition, any request for leave to

amend or to hold Plaintiff's Motion in abeyance should be denied.

**ARGUMENT**

I.   DEFENDANT'S OPPOSITION WAS LATE AND SHOULD BE STRICKEN OR DISREGARDED.

Defendant's Opposition was due on June 21, 2018. (Dkt. No. 28); Civil L.R. 7-3(a). Defendant filed her Opposition on June 22, 2018. (Dkt. No. 30). Defendant does not offer any reason for the late filing. In light of the untimely filing, Plaintiff requests that Defendant's Opposition be stricken or disregarded. See Herman Miller, Inc. v. Alphaville Design, Inc., 2009 WL 86587, *1 (N.D.Cal. Jan. 13, 2009); see Civil L.R. 1.4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction."). Plaintiff is prejudiced by the late filing as it effectively reduces the time afforded to Plaintiff to file this Reply. The Local Rules make clear that a reply is due seven days "after the opposition *was due,*" Civil L.R. 7-3(c) (emphasis added), not seven days after the Opposition was *filed.* If the Court permits the late filing, it also signals to dilatory litigants that they can effectively shorten the time for their opponents to prepare responsive documents.[1]

The Federal Rules only permit the Court to "strike" matters in pleadings. Fed.R.Civ.P. 12(f). Some courts have interpreted this literally to mean the pleadings defined in Rule 7(a). Other courts have "stricken" documents that are not technically pleadings. See Boakye v. Hugo Boss Retail, Inc., 2009 WL 3398807, *2 (C.D.Cal. Oct. 16, 2009) (granting motion to strike "Plaintiff's Notice and Acceptance of Rule 68 Offer"). In Delano Farms Co. v. California Table Grape Com'n, 623 F.Supp.2d 1144, 1182 (E.D.Cal. 2009), the district court stated:

> However, a "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant to consider whether [proffered material] may properly be relied upon. . . . A motion to strike has sometimes been

---

[1] While Plaintiff could seek leave to file a late Reply, it is unreasonable to expect the party that has complied to take extra steps necessitated by an opponent's lack of diligence.

used to call to courts' attention questions about the admissibility of proffered material in ruling on motions.

Id. (quotations / citations omitted).  To the extent this Court is not inclined to "strike" Defendant's Opposition *per se,* it still should be disregarded.

Without waiving the foregoing argument, Plaintiff addresses Defendant's Opposition.

II.    DEFENDANT'S REPRESENTATION OF HERSELF AS THE UNDERDOG IS BELIED BY HER PLEADING.

Defendant begins her Opposition with a screed against Plaintiff. While colorful and boxing specific, her "woe is me" approach is belied by the Amended Answer that gives rise to Plaintiff's Motion to Strike. Defendant did not simply contest the allegations; she went on an attack. While Defendant may not like Plaintiff's allegations against her, unlike Defendant's Amended Answer and the materials submitted therewith, they do not constitute an *ad hominem* attack. Defendant can play coy about why she submitted the ABA article, but there was no reason to include the article and the other scandalous accusations in her Amended Answer other than that she had already removed the gloves (Plaintiff can do it too).

III.    DEFENDANT'S ATTEMPTS TO RETROFIT THE ABA ARTICLE INTO HER DEFENSES IS UNAVAILING.

Defendant contends that the ABA article was attached "to provide additional context and 'factual support' for the affirmative defenses she has pleaded.'" Defendant's Opposition at 5. Defendant then offers the following citation in a footnote:

> *See e.g., id.* at ¶ 55 (Seventh Affirmative Defense: "Upon information and belief, Plaintiff is estopped from pursuing the causes of action in the Complaint by reason of Plaintiff's own actions and course of conduct as described in Exhibit A.")

Id. at 5, n. 5. As noted in Plaintiff's Motion, Defendant is effectively saying that somewhere in this 12 page article is support for an estoppel defense. That is not fair notice under any pleading standard. This Court has no obligation to scour Defendant's article for support for her position. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929-30 (9th Cir. 2003) (the court

cannot manufacture arguments for a party; only issues that are "argued specifically and distinctly" are considered). In addition, and assuming *arguendo* the Court had such an obligation, Similarly, that Defendant *now* deigns to offer specific context from the article does not cure the deficiency in the Amended Answer itself. J & J Sports Productions, Inc. v. Jimenez, 2010 WL 5173717, *2 (S.D.Cal. Dec. 15, 2010) ("[a] ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings."). With respect to the article itself, as noted in Plaintiff's Motion, the "ring-leader" behind the article was Attorney Lisa Clay. Subsequent to the filing of Plaintiff's Motion to Strike, the Court in G & G Closed Circuit Events, LLC v. Pena dismissed Ms. Clay's counterclaims with prejudice. See G & G Closed Circuit Events, LLC v. Pena, Case No. 14-cv-2073 (N.D.Ill. June 20, 2018, Dkt. No. 350).

With respect to the scandalous nature of the article and related matters in the Amended Answer, Defendant does not address this in any meaningful way. Defendant does question Plaintiff's reliance on Survivor Productions LLC v. Fox Broadcasting Co., 2001 WL 35829267 (C.D.Cal. June 12, 2001), Defendant's Opposition at 8, but Defendant' argument focuses on pleading standards[2] and procedural differences in the cases.

Although Defendant purports not to have "meant offense" by attaching the article, Defendant's Opposition at 6, Defendant effectively doubles-down on her scandalous accusations by attaching more articles. See Defendant's Opposition, Exhibits B and C (Dkt. No.

---

[2] Defendant then states that "Plaintiff cannot have it both ways: it cannot claim that no facts support Defendant's pleadings while also moving to strike the underlying facts upon which the affirmative defenses have been pleaded." Defendant's Opposition at 8. Defendant's suggestion is specious and presupposes that Plaintiff knows on which alleged "facts" in the 12 page article Defendant intends to rely. Once again, Defendant does not plead any "underlying facts" from the article. Perhaps Plaintiff coincidentally mentioned an alleged fact on which Defendant intended to rely; that, however, is impossible to know when Defendant cites to the article in its entirety.

30-1).[3] Nonetheless, for purposes of this Motion, once again, a motion to strike is based on the pleading as filed. Moreover, Exhibits B and C are immaterial. Exhibit B is an article that quotes anonymous sources discussing investigations in New York, and Exhibit C is an article that addresses a different fight involving a different Plaintiff. See Defendant's Opposition, Ex. C.

IV.    THE NORTHERN DISTRICT OF CALIFORNIA HAS CONSISTENTLY APPLIED THE *TWOMBLY/IQBAL* STANDARD TO AFFIRMATIVE DEFENSES.

Defendant argues that the Twombly/Iqbal standard should not apply to affirmative defenses. Defendant's Opposition at 3-5. In fact, Defendant considers application of Twombly/Iqbal to affirmative defenses to be "perverse" and an "aberration." See Id. at 1. Defendant's opinion aside, the Northern District has consistently maintained that Twombly/Iqbal applies to affirmative defenses. See e.g. Hernandez v. Dutch Goose, Inc., 2013 WL 5781476, *4, n.2 (N.D.Cal. Oct. 25, 2013).

Defendant contends that citation to Finjan, Inc. v. Bitdefender Inc., 2018 WL 1811979 (Apr. 17, 2018) is "misplaced because the case concerned an application of Rule 9(b) to a claim of inequitable conduct in a patent dispute, not the circumstances presented here." See Defendant's Opposition at 4, n.2. While Finjan was a patent infringement case, and while there was an "inequitable conduct" defense addressed pursuant to Fed.R.Civ.P. 9(b), Finjan, 2018 WL 1811979 at *1-3, that defense was addressed *prior* to the discussion of the Twombly/Iqbal analysis. See Id. at *2-3. Indeed, Finjan drew a distinction between the inequitable conduct defense and the other defenses. Id. at *2. It appears that the plaintiff did not move to strike the inequitable conduct defense for failing to comply with Twombly/Iqbal. See Id. at *1 (noting that plaintiff moved to strike the inequitable conduct defense for failing to satisfy Fed.R.Civ.P. 9(b)

---

[3] Exhibits B and C to may give rise to additional arguments for relief; in view of the shortened time period Plaintiff had to prepare this Reply, Plaintiff has not had an opportunity to take action with respect to these exhibits.

and the remaining defenses for failing to satisfy Twombly/Iqbal); Id. at *3. Nonetheless, in addressing the application of Twombly/Iqbal, Finjan stated:

> This Court has previously applied the *Twombly/Iqbal* standard to affirmative defenses. *See Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *1 (N.D. Cal. Dec. 21, 2015) ("Although the Ninth Circuit has not yet addressed this question, the Court finds the reasoning of [a number of district courts] persuasive and will apply the *Twombly/Iqbal* standard...."). The majority of courts in this district continue to apply this standard to affirmative defenses, reasoning that *Kohler* did not specifically address this issue. *See, e.g.*, *Murphy v. Trader Joe's*, No. 16-CV-02222-SI, 2017 WL 235193, at *2–3 (N.D. Cal. Jan. 19, 2017) ("The use of the specific phrase 'fair notice' prompted some district courts to reconsider the pleading standard for affirmative defenses ... [but] *Kohler* did not directly address the pleading standard for affirmative defenses; the court touched on the issue only in passing...."). The Court agrees, and continues to find that the *Twombly/Iqbal* standard applies. That standard does not require "extensive factual allegations," but rejects "bare statements reciting mere legal conclusions." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-3323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012).

Id. at *3 (citations in original).

Defendant's citation to Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015), is unavailing in this district. As this specific Court held in Perez v. Wells Fargo & Company, 2015 WL 5567746, *3 (N.D.Cal. Sept. 21, 2015), "Defendants' citation to the Kohler decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case that the Twombly/Iqbal standard does not apply to the pleading of affirmative defenses."

As a practical matter, Plaintiff only moves to strike defenses five through nine for failing to satisfy the Twombly/Iqbal standard. Moreover, Plaintiff offers independent arguments to strike all of the defenses that do not rely on application of the Twombly/Iqbal standard.

V.    DEFENDANT'S ATTEMPTS TO JUSTIFY HER ORIGINAL DEFENSES FAIL.

A.    Election of Remedies.

Defendant attempts to justify this defense by pointing to the fact that Plaintiff ultimately can only recover under one statute. This is true, something Plaintiff acknowledged in its

Motion.[4] Plaintiff's Motion at 11. That, however, does not make it an affirmative defense. It is a denial. Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

### B.    Preemption.

Defendant does not know "what else Plaintiff needs to determine that the Third Cause of Action is preempted by federal law." Defendant's Opposition at 10. While Defendant's rhetorical sarcasm is noted, Plaintiff will answer the question – a case that actually supports what Defendant alleges. Prostar does not address preemption; the lengthy block quote offered by Defendant was discussing statutes of limitations. Indeed, this is made clear in the second sentence of the block quote. Perhaps this was lost on Defendant, but it is particularly telling that the word *preemption* (or any form of preempt) does not appear in the quote or in the entirety of the Prostar opinion (for the simple reason that Prostar did not address preemption). Prostar v. Massachi, 239 F.3d 669 (5th Cir. 2001).

### C.    Implied License.

Defendant's argument in support of her implied license defense misses the boat. In effect, Defendant contends that she had an implied license from a Spanish language provider (perhaps from Mexico). See Defendant's Opposition at 10-11. Assuming *arguendo* this could be a defense (Plaintiff contends it is not), that does not make it an affirmative defense. The two are not synonymous. Merits aside, there is no notice if she does not identify her provider.

Defendant also says, without authority, that Plaintiff "misapprehends the appropriate burden of proof[.]" Defendant's Opposition at 11. It appears Defendant is discussing her burden at the pleading stage. In J & J Sports Productions, Inc. v. Mendoza-Gowan, 2011 WL 1544886, *4 (N.D.Cal. April 25, 2011), which addressed a motion to strike at the pleading stage, the

---

[4] Defendant states that "Plaintiff's commentary" with respect to Defendant's unequivocal statement that "Plaintiff cannot recover on both theories" is unavailing and "entirely beside the point." Defendant's Opposition 9-10. This raises the obvious question of why Defendant would assert something that is "entirely beside the point."

Defendant argue that "'plaintiff has failed to demonstrate that defendant will be unable to prove a set of facts to support this defense' (Opp.6)." Id. at *4. The Court disagreed, holding that, "[t]he burden of proof for affirmative defenses, however, is on the defendant, not the plaintiff. See Fed.R.Civ.P. 8(c)." Id. (citation in original).

### D.    No Willful Violation.[5]

This is clearly not an affirmative defense. Nonetheless, Plaintiff must address Defendant's statement that Plaintiff "confounds" two meanings of "willfully." Defendant's Opposition at 11. Plaintiff alleged willfulness under 47 U.S.C. §§ 605 and 553, and Defendant said that her actions "were not done willfully *under the federal Telecommunications Act*." Amended Answer ¶ 53 (emphasis added). Now, Defendant is saying that when she said "willfully under the federal Telecommunications Act" she did not mean "willfully" as used in the Communications Act, but more in a colloquial sense. See Defendant's Opposition at 11. If anything is confounding, it is Defendant's explanation.

### E.    Scope Of Agency.

Defendant's justification for her agency defense is bluster and sarcasm. Defendant can throw around as many insults as she likes, but that does not transform her invalid legal understanding of "agency" into a valid affirmative defense. Defendant's reliance on Joe Hand Promotions v. Alvarado, 2011 WL 1740536 (E.D.Cal. May 4, 2011), however, bears special mention. In Alvarado, the defendants were found not liable because they had leased the bar in question and the lessees had assumed all responsibilities therefor. Id. at *2. As Defendant herein as admitted being the owner and operator of the establishment and having the right and ability to supervise the activities therein on the night of the *Program,* Amended Answer ¶ 8, 10,

---

[5] Defendant withdraws her acquiescence defense.

presumably she will not make a similar argument. If Defendant attempts to rely on Alvarado, she is the one who is dreaming. https://www.merriam-webster.com/dictionary/surreal.

F.      Estoppel.[6]

Defendant essentially reiterates that the support for the defenses is found in the attached ABA article. Defendant's Opposition at 13. Once again, and even setting aside that the article as whole must be stricken, generic reference to a 12 page article lacks fair notice.

G.      Substantive Due Process.

Defendant's justification for this defense is the following:

> Defendant's Eighth Affirmative Defense stands under *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003), which places a numerical limit on exemplary damages as a multiple of actual damages.

Defendant's Opposition at 14. First, the validity of the pleading is based on the document itself. More importantly, Campbell does not come close to applying herein.[7] The defense itself states:

> The various statutory penalties sought by plaintiff are excessive as applied to the defendant herein and therefore violate the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

Amended Answer ¶ 57. Statutory penalties are not exemplary damages. Moreover, in Campbell the exemplary damages were $145 million (on top of $1 million dollar award). Campbell, 538 U.S. at 412.  The statutory penalties herein, which have been approved by Congress, max out at 10x. See 47 U.S.C. § 605(e)(3)(C)(i)(II); 47 U.S.C. § 605(e)(3)(C)(ii).

H.      Reservation.

In attempting to justify her reservation, Defendant effectively resorts to "everyone else was speeding." See Defendant's Opposition at 14. Defendant also reads Plaintiff's argument as

---

[6] Plaintiff addressed Estoppel and Unclean Hands together. Defendant only mentions estoppel. To the extent this argument was meant to apply to the unclean hands defense as well, the arguments apply equally.

[7] Campbell is a 31 page opinion; once again, apparently, Plaintiff and the Court must go digging.

"rag[ing]." <u>Id.</u> at 14. Plaintiff's argument was as straightforward and matter-of-fact as can be. Defendant's perception is troubling.

## VI.    LEAVE TO AMEND WOULD BE FUTILE AND THERE IS NO REASON TO HOLD THIS MOTION IN ABEYANCE.

While leave to amend should be freely given if so warranted, it need to be where amendment would be futile. <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir.1994). To the extent the Court may be inclined to grant leave to amend, Plaintiff respects that such leave be limited to those defenses that theoretically can be cured.

Defendant offers no compelling reason to hold the motion in abeyance pending discovery. As a practical matter, no amount of discovery will transform allegations that are not proper defenses in the first place.

WHEREFORE, for the reasons set forth herein, as well as for the reasons set forth in Plaintiff's Motion to Strike Defendant's Affirmative Defenses, Plaintiff respectfully requests that its Motion to Strike be granted, that Defendant's affirmative defenses and materials related thereto be stricken with prejudice.

Respectfully submitted,

Dated:  June 28, 2018

/s/  *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

**PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 28, 2018, I caused to serve the following document entitled:

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Mario Alberto Moya, Esq.
Rebecca Mary Hoberg, Esq.
Law Office of Mario A. Moya
1300 Clay St.
Suite 600
Oakland, CA 94612

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 28, 2018, at South Pasadena, California.

Dated:  June 28, 2018                          /s/ *Cleo McKisson*
                                               CLEO McKISSON